Thompson, J.
delivered tbe opinion of tbe court. Tbe underwriter on a policy of insurance enters into contract, and computes tbe premium, in full confidence that tbe insured, being fully informed of all circumstances relating to tbe intended voyage, bas dealt fairly with bim, and bas kept back nothing which it might be material for bim to know. Every fact and circumstance, therefore, wbicb can possibly influence tbe mind of tbe insurer, in determining whether be will underwrite tbe policy, or at what premium, is material to be disclosed, and a concealment thereof will vitiate tbe policy. A concealment is to be considered, not with reference to tbe event, but to its effect at tbe time of making tbe contract. Tbe question, therefore, must always be, whether, under all tbe cbcumstances, there was at tbe time the policy was underwritten, a fair representation, or a concealment, either designed and fraudulent; or, though not designed, varying materially tbe object of tbe policy, and changing tbe risk understood to be run. If we test the facts found by tbe jury by tbe principles of law above laid down, it will, we think, be found, that tbe concealment was such as to vitiate tbe policy. Tbe information possessed by tbe assured was special and particular; that about eleven hours after tbe sailing of tbe vessel, a violent storm took place at Norfolk. Tbe communication made to tbe underwriter was very general and vague; that there bad been blowing weather and severe storms on tbe coast after tbe vessel sailed, but without any reference to tbe particular storm above mentioned. Unless tbe assured intended to suppress some information be bad relative to this weather, we can see no reason why be did not communicate tbe information be bad actually received. From tbe general communication given, tbe underwriter might be induced to calculate that tbe storm bad not reached Norfolk ; or that tbe vessel bad been out so long as not to be ^endangered by it. Tbe representation made to tbe underwriter was, that there had been blowing weather and severe storms. Tbe information possessed by *60 the assured was, that there had been a violent storm. This being the language of the jury, shows that the representation was not made in quite as forcible terms as those in which the information was received by the assured. In addition to this, the jury have found explicitly, that the storm at Norfolk did increase the risk, and that no communication of the information received by the assured relative to this storm, was made to the underwriter. The increase of the risk being matter of fact, and having been thus found by the jury, must, we think, be conclusive. We are therefore of opinion that the defendant ought to have judgment.